UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 08-80369-CIV-MIDDLEBROOKS/JOHNSON

ST. MARY'S HOSPITAL, INC. d/b/a
ST. MARY'S MEDICAL CENTER,

    Plaintiff,

v.

STERICYCLE, INC.,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court on Defendant Stericycle, Inc.'s Motion to Vacate Clerk's Default, Vacate Default Judgment, and Enjoin Further Proceedings in State Court (DE 9). The Court has reviewed the Motion and the file in this case.

In this action, Plaintiff asserts three state law claims seeking payment for medical services rendered to Nigel Porter, a former participant in the Stericycle Group Health Plan (the "Plan"). Plaintiff filed its Complaint in the Circuit Court In and For Palm Beach County on March 11, 2008. A copy of the Summons and Complaint was served upon Defendant on March 14, 2008. Plaintiff states that, according to the Florida Rules of Civil Procedure, Defendant had twenty days to file an answer to Plaintiff's Complaint and failed to do so.

On April 8, 2008, Plaintiff filed a Motion for Default in the State Court Action. On April 11, 2008, Defendant timely filed its Notice of Removal with this Court.[1] Defendant states that, at that time, it was unaware that Plaintiff had filed a Motion for Default in the State Court Action.

---

[1] The Notice was filed within thirty days of receipt of the Complaint by Defendant. *See* 28 U.S.C. § 1446(b).

1

The State Court received its Notice of Removal on April 11, 2008. On April 14, 2008, the clerk in the State Court Action entered a default against Defendant. On April 18, 2008, Defendant timely filed its Answer in this Court. Plaintiff responded by filing a Reply to the Affirmative Defenses of Defendant on May 13, 2008. On May 8, 2008, the Circuit Judge presiding over the State Court Action signed a Default Final Judgment in favor of Plaintiff in the amount of $797,087.56.

Upon the filing of the Notice of Removal in the State Court, removal is effected and the State Court is divested of jurisdiction, unless and until the case is remanded. 28 U.S.C. § 1446(d). Stated another way, "after removal, the jurisdiction of the state court absolutely ceases and the state court has a duty not to proceed any further in the case. Any subsequent proceedings in state court on the case are void *ab initio*." *Maseda v. Honda Motor Co.*, 861 F.2d 1248, 1254 (11th Cir. 1988).

Further, when "a case is removed to federal district court under original jurisdiction, the federal court takes it as [though] everything done in the state court had in fact been done in the federal court." *Savell v. S. Ry. Co.*, 93 F.2d 377, 379 (5th Cir. 1937). Thus, a "federal district court may dissolve or modify injunctions, orders, and all other proceedings which have taken place in state court prior to removal." *Maseda,* 861 F.2d at 1252. (citations omitted); *see also* 28 U.S.C. § 1450. "Additionally, a state court judgment in a case removed to federal court does not foreclose subsequent proceedings in the case in federal court." *Id.*

Rule 55(c) of the Federal Rules of Civil Procedure provides that the "court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Rule 60(b) provides that a court may relieve a party from a final judgment

2

if, among other reasons, "the judgment is void." Fed. R. Civ. P. 60(b)(4).

In this case, the Notice of Removal to the State Court was filed and docketed on April 11, 2008. Both the default and default judgment were entered subsequently: the default was entered April 14, 2008, and the default judgment was entered May 8, 2008. As such, they were entered without jurisdiction and are null and void. The motion is due to be granted.

Defendant further requests that this Court enjoin the State Court from proceeding further or enjoin the Plaintiff from prosecuting any aspect of its claim in State Court, or both. Section 1446(d) authorizes courts to enjoin or a party from enforcing state court proceedings following a proper removal. *See, e.g.*, *Maseda*, 861 F.2d at 1254-55; *E. D. Systems Corp. v. Southwestern Bell Tel. Co.*, 674 F.2d 453, 458 (5th Cir. 1982). Defendant is concerned that Plaintiff may seek to record or otherwise enforce the Final Default Judgment issued in the State Court Action.

The Court will enjoin Plaintiff from proceeding in the State Court Action but will not enjoin the state court.

Accordingly, it is hereby

ORDERED AND ADJUDGED that:

1. Defendant's Motion to Vacate Clerk's Default, Vacate Default Judgment, and Enjoin Further Proceedings in State Court (DE 9) is GRANTED IN PART;

2. the default entered against Defendant on April 14, 2008 is VACATED and SET ASIDE;

3. the default judgment entered against Defendant on May 8, 2008 is VACATED and SET ASIDE; and

4. Plaintiff St. Mary's Hospital, Inc. d/b/a St. Mary's Medical Center is enjoined from

3

proceeding in the state court civil action No. 2008 CA 6997XXXXMB in the Circuit Court of the Fifteenth Judicial Circuit In and For Palm Beach County, Florida.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 5 day of June, 2008.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to counsel of record